89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delmus Wayne HOLCOMB, Defendant-Appellant.
 No. 95-5779.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1996.
 
 Before: CONTIE, BATCHELDER and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Delmus Wayne Holcomb challenges the district court's sentencing determinations. We affirm.
 
 I.
 
 2
 On June 8, 1994, defendant-appellant Delmus Wayne Holcomb ("Holcomb") was charged in a two-count indictment with operating a chop shop in violation of 18 U.S.C. § 2322(a)(1) (Count One), and with receiving stolen property in violation of 18 U.S.C. § 2315 (Count Two). On October 24, 1994, Holcomb pled guilty to Count Two. In exchange, the United States agreed to: recommend dismissal of Count One; recommend a three-level reduction for acceptance of responsibility; move for a downward departure pursuant to U.S.S.G. § 5K1.1; and recommend that Holcomb be sentenced at the low end of the guideline range.
 
 
 3
 On May 15, 1995, the district court sentenced Holcomb to 30 months' imprisonment, to be followed by a three-year term of supervised release, and dismissed Count One of the Indictment. On May 24, 1995, Holcomb filed his timely notice of appeal challenging the $200,000 loss figure and his status as a manager or supervisor of an offense involving five or more participants.
 
 II.
 Amount of Loss
 
 4
 Though Holcomb admits that he received stolen property from his co-conspirators, he argues that the value of the stolen property that he received did not exceed $70,000. In response, the government asserts that Holcomb must be held accountable for the entire loss caused by his co-conspirators:
 
 
 5
 The presentence report prepared by the United States Probation Office found that the appellant agreed in advance to distribute the parts from the Clay County chop shop, and assisted in setting it up, [provided] the cutting torches, and [advanced] money to purchase other tools. The probation office found the chop shop operation to be relevant conduct for purposes of calculating the amount of loss.
 
 
 6
 ....
 
 
 7
 From this evidence, the district court did not commit clear error in concluding that the defendant was jointly engaged in the criminal activity of the chop shop, even though his role was primarily receiving and distributing the parts that resulted from it. U.S.S.G. § 1B1.3(a) makes it clear that for purposes of a specific offense characteristic, such as amount of loss, the reasonably foreseeable acts of others are included....
 
 
 8
 Appellee's Brief at 8-9.
 
 
 9
 Pursuant to the United States Sentencing Guidelines, a defendant's base offense level shall be determined by considering "all acts and omissions committed ... by the defendant ... that occurred during the commission of the offense of conviction...." U.S.S.G. § 1B1.3(a)(1). Section 1B1.1, comment. (n. 1) defines an offense as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." Conduct which forms the basis for counts dismissed pursuant to a plea agreement may be considered in determining the base offense level under the Guidelines. United States v. Smith, 887 F.2d 104, 106-09 (6th Cir.1989). A district court's determination that certain acts are part of a common scheme or plan is a factual determination that must be upheld on appeal unless clearly erroneous. United States v. Miller, 910 F.2d 1321, 1327 (6th Cir.1990), cert. denied, 498 U.S. 1094 (1991). Whether the facts found by the district court warrant the application of a particular guideline provision is a legal question subject to de novo review. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991) (citations omitted).
 
 
 10
 Count One of the Indictment charged Holcomb with operating and maintaining a chop shop; Count Two charged Holcomb with receiving automobile components "chopped" from stolen vehicles. Both counts allege criminal activity starting on December 20, 1992, and ending on February 27, 1993. Because Holcomb received stolen property that was "chopped" in connection with Count One, Holcomb's ties to the chop shop are clearly relevant for sentencing purposes. Accordingly, we reject Holcomb's first assignment of error.
 
 Role in the Offense
 
 11
 The district court determined that Holcomb was a manager or supervisor of a criminal activity involving five or more participants. Though Holcomb claims that he was not a manager or supervisor, the United States asserts that Holcomb:
 
 
 12
 furnished the torches used in the chop shop and had received most of the parts that resulted from the chop shop. The defendant was involved in the planning of the chop shop from the beginning, and was responsible for distribution of the stolen parts from his business in Boaz, Alabama.... At least six people travelled from the chop shop to Boaz to deliver parts.... He coordinated the distribution of parts to other businesses throughout the Boaz, Alabama area after they were delivered to his business.
 
 
 13
 Appellee's Brief at 10-11. We review the district court's role in the offense determination for clear error. United States v. Williams, 894 F.2d 208, 213-14 (6th Cir.1990).
 
 
 14
 The Sentencing Guidelines provide (in relevant part):
 
 
 15
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 16
 ....
 
 
 17
 (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
 
 
 18
 U.S.S.G. § 3B1.1.
 
 
 19
 The record reveals that Holcomb was instrumental in the implementation and operation of the chop shop and the distribution of the "chopped" parts. Moreover, the probation officer properly determined that at least five individuals were involved in the illegal enterprise. Because Holcomb's role in the offense adjustment was justified, the district court properly imposed the three-level enhancement to Holcomb's sentence pursuant to U.S.S.G. § 3B1.1(b). We therefore reject Holcomb's second assignment of error.
 
 
 20
 Accordingly, we AFFIRM.